UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| WILLIAM STRONG,<br><br>        Plaintiff,<br><br>v.<br><br>TEAMSTERS, LOCAL UNION NO. 299, et al.,<br><br>        Defendants. | Case No. 24-cv-10659<br><br>Honorable Robert J. White |

**ORDER (1) GRANTING THE MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW, (2) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE, AND (3) TERMINATING DEFENDANTS' RESPECTIVE SUMMARY JUDGMENT MOTIONS AS MOOT**

Before the Court are motions for summary judgment from Defendant Teamsters, Local Union No. 299 (ECF No. 20) and Defendant Syncreon American, Inc. (ECF No. 19), as well a motion to withdraw from Ari Lehman, Plaintiff's counsel (ECF No. 29). For the following reasons, the motion to withdraw is granted, Plaintiff's complaint is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and the summary judgment motions are terminated as moot.

**I.     Legal Standard**

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). In addition, this district's local rules provide that when "the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. L.R. 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Fed. R. Civ. P. 41(b) (stating dismissal under the Rule "operates as an adjudication on the merits"); *Stelts v. Univ. Emergency Specialists, Inc.*, 20 F. App'x 448, 449 (6th Cir. 2001) (citing *Proctor v. Millar Elevator Serv. Co.*, 8 F.3d 824, 825-26 (D.C. Cir. 1993) (dismissals under Rule 41(b) are with prejudice unless the district court's order states otherwise)).

The Sixth Circuit Court of Appeals has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute

under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

## II.   Analysis

Plaintiff filed his complaint on March 14, 2024, asserting a single claim for breach of the Labor Management Relations Act. (ECF No. 1).  Following discovery, on January 16, 2025, Defendants filed their respective motions for summary judgment. (ECF Nos. 19-20).  Plaintiff responded to these motions on January 15, 2025 (ECF Nos. 24, 26), and they were fully briefed as of January 29, 2025 (ECF Nos. 27-28).

However, while these motions remained pending, on July 29, 2025, Plaintiff's counsel moved to withdraw as counsel because of "a breakdown in the attorney-client relationship and lack of communication/inability to communicate with [Plaintiff]." (ECF No. 29).  At a subsequent status conference with the parties' attorneys, Plaintiff's counsel clarified that he had had some contact with Plaintiff, and the essential breakdown was due to Plaintiff's apparent failure or unwillingness to pay his legal bills.  Accordingly, on August 12, 2025, the Court set a hearing on the motion to withdraw to be held on September 8, 2025.   The Court's notice to

appear stated: "Plaintiff's counsel must serve a copy of the motion to withdraw and a copy of this notice [to Plaintiff].  [Plaintiff] must attend this hearing along with any proposed substitution counsel." (ECF No. 31).

Plaintiff did not appear at the motion hearing.  Plaintiff's counsel, who did appear, said he mailed Plaintiff the motion and notice to appear.  Plaintiff's counsel also purportedly spoke with Plaintiff via telephone, but Plaintiff never clearly indicated whether he planned on proceeding with this case.  Following the motion hearing, the Court scheduled a show-cause hearing for September 30, 2025, with the notice to appear stating that "Plaintiff William Strong must appear at the hearing." (ECF No. 33).  The Court also entered a show-cause order granting the motion for Plaintiff's counsel to withdraw on the following terms:

1. Plaintiff's counsel shall serve a copy of this order and the Notice to Appear Remotely (ECF No. 33) to Plaintiff via e-mail and United State Mail via first class mail, and file proof of such service on the docket.

2. Upon service as per above, Ari Lehman of Lehman Law PLLC shall be relieved of his duty as counsel for plaintiff, and his motion to withdraw will be granted.

3. Plaintiff shall make an appearance in this matter on or before September 30, 2025, either *pro se* (in which case he must file his appearance with the Court Clerk at the Eastern District Court) or represented by counsel (with his new attorney filing an appearance).

4. Plaintiff or his new counsel shall appear via video conference at 3 p.m. on September 30, 2025, to indicate whether he wishes to proceed in this litigation.

> 5. Failure to comply with the above orders by plaintiff may result in a dismissal of this action with prejudice.

(ECF No. 34).

Plaintiff's counsel has filed proof of service indicating that he served the requisite documents to Plaintiff via email and U.S. First Class Mail on September 9, 2025. And attached to the proof of service is a scan of the envelope addressed to Plaintiff with a postal mark dated September 9, 2025. (ECF No. 35).[1] The Court held the show-cause hearing, and Plaintiff again failed to appear. At this hearing, Plaintiff's counsel confirmed that he had spoken with Plaintiff and sent the Court's show-cause order and notice of hearing to Plaintiff's new address. To this date, a new attorney has not appeared for Plaintiff, and he has failed to file a notice with this Court that he will represent himself.

Turning to the factors at issue, the Court first concludes that Plaintiff's failure in this case is due to willfulness, bad faith, or fault. Plaintiff did not appear at the hearing on the motion to withdraw, despite the requirement that he do so publicly displayed on the docket for almost a month (and served to Plaintiff by counsel). Further disregarding the Court's directives, Plaintiff again failed to appear at the show-cause hearing, he has not filed any appearance on the docket as ordered, and

---

[1] The motion to withdraw is therefore granted, and Ari Lehman is relieved as Plaintiff's counsel.

he has not otherwise communicated with the Court about proceeding in this action, whether with new counsel or *pro se*.  And Plaintiff's counsel repeatedly represented that Plaintiff was aware of these events in the case since counsel moved to withdraw.

Plaintiff's conduct here "shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *See Schafer*, 529 F.3d at 739 (case involving the plaintiff's failure to refile his complaint within a six-month period specified by court order); *see also Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (when a plaintiff "displays . . . a reckless disregard for the effect of his conduct on the proceedings," the first factor favors dismissal) (cleaned up); *Rogers v. Midland Credit Mgmt.*, No. 22-11934, 2023 U.S. Dist. LEXIS 93686, at *11-13 (E.D. Mich. May 30, 2023) (dismissing for failure to prosecute where the plaintiff "(1) failed to respond to her counsel's repeated attempts to communicate with her, (2) failed to respond to the notice of hearing on her counsel's motion to withdraw, and (3) failed to respond to the Court's order to obtain new counsel or notify the Court that she would be representing herself").

Next, the Court finds that Defendants would be prejudiced by this litigation being stalled and Plaintiff's continuing unresponsiveness.  "A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued.  Delay may also make it more difficult to mount an

effective defense." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993).  Plaintiff

has ignored the Court's recent directives and failed to appear at multiple hearings.

There is no indication that Defendants or the Court will be able to achieve any

cooperation from Plaintiff in this case at all, and it is his burden to prosecute this

case. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (explaining

that the "waste [of] time, money, and effort" on the part of the requesting party can

constitute prejudice).  Thus, the second factor favors dismissal.

Regarding the third factor, the Court plainly warned Plaintiff that "[f]ailure to

comply with" the orders to make appearances on the docket and appear for the show-

cause hearing "may result in a dismissal of this action with prejudice." (ECF No.

34).  Lastly, Plaintiff's failure to substantively participate in this case suggests the

futility of imposing lesser sanctions.  And the Sixth Circuit has "never held that a

district court is without power to dismiss a complaint, as the first and only sanction,"

and is "loathe to require the district court to incant a litany of the available

sanctions." *Schafer*, 529 F.3d at 738.  Accordingly, because Plaintiff repeatedly

failed to appear and ignored the Court's directives, and indeed effectively abandoned

his case in doing so, dismissal with prejudice is the only appropriate remedy. *See*

*Beard v. Tunnell*, No. 24-3788, 2024 U.S. App. LEXIS 32017, at *5 (6th Cir. Dec.

17, 2024) ("Although dismissal with prejudice is a harsh sanction, it is appropriate

when a party willfully disobeys court orders and misses deadlines.") (cleaned up);

*Rogers*, 2023 U.S. Dist. LEXIS 93686 at *13 ("dismissal with prejudice is the only appropriate remedy because Plaintiff has effectively abandoned the case").

* * *

For the reasons given, the Court ORDERS that the motion for Ari Lehman to withdraw as Plaintiff's counsel (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to prosecute.

IT IS FURTHER ORDERED that Defendants' respective motions for summary judgment (ECF Nos. 19-20) are TERMINATED as moot.


Dated: October 3, 2025                         s/Robert J. White
                                               Robert J. White
                                               United States District Judge